UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin W. R.,[1] Plaintiff, v. Frank J. Bisignano, Commissioner of the Social Security Administration, Defendant. | ) | C/A No. 9:25-cv-07222-BHH-MHC **REPORT AND RECOMMENDATION** |

Plaintiff Kevin W. R. (Plaintiff) filed the Complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Administrative Law Judge's (ALJ's) final decision denying his claim for Disability Insurance Benefits (DIB) under the Social Security Act (Act). This case was referred to the undersigned for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.). For the reasons that follow, the undersigned recommends that the ALJ's decision be reversed and remanded for further administrative review.

## I. BACKGROUND[2]

Plaintiff applied for DIB on July 17, 2022, alleging disability beginning May 25, 2022. R.pp. 179–80. Plaintiff's claim was denied initially and upon reconsideration, and Plaintiff then requested a hearing before an ALJ. R.pp. 61–78, 98. A video hearing, at which Plaintiff, represented by counsel, and a vocational expert (VE) testified, was held on December 11, 2024. R.pp. 34–60. The ALJ thereafter denied Plaintiff's claim in a decision issued on January 6, 2025,

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, because of significant privacy concerns in social security cases, federal courts refer to claimants only by their first names and last initials.

[2] Citations to the record refer to the page numbers in the Social Security Administration Record. *See* ECF No. 9.

finding that Plaintiff was not disabled from the alleged date of onset through the date of the decision. R.pp. 17–28. On June 30, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. R.pp. 1–6. This appeal followed.

Because this Court writes primarily for the parties who are familiar with the facts, the Court dispenses with a lengthy recitation of the medical history from the relevant period. To the extent specific records or information are relevant to or at issue in this case, they are addressed within the Discussion section below.

## II. APPLICABLE LAW

### A. Scope of Review

Jurisdiction of this Court is pursuant to 42 U.S.C. § 405(g). Under this section, judicial review of a final decision regarding disability benefits is limited to determining (1) whether the factual findings are supported by substantial evidence, and (2) whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). Accordingly, a reviewing court must uphold the final decision when "an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (internal quotation marks omitted).

"Substantial evidence" is an evidentiary standard that is not high: it is "more than a mere scintilla" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). A reviewing court does not reweigh conflicts in evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Where conflicting evidence

allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id*. (alteration in original) (internal quotation marks and citation omitted). However, this limited review does not mean the findings of an ALJ are to be mechanically accepted, as the "statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action." *Howard v. Saul*, 408 F. Supp. 3d 721, 725–26 (D.S.C. 2019) (quoting *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969)).

**B. Social Security Disability Evaluation Process**

To be considered "disabled" within the meaning of the Social Security Act, a claimant must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience, and functional capacity, and which has lasted or could reasonably be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423. The Social Security Administration established a five-step sequential procedure to evaluate whether an individual is disabled for purposes of receiving benefits. *See* 20 C.F.R. § 404.1520; *see also Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015) (outlining the questions asked in the five-step procedure). The burden rests with the claimant to make the necessary showings at each of the first four steps to prove disability. *Mascio*, 780 F.3d at 634–35. If the claimant fails to carry his burden, he is found not disabled. *Lewis v. Berryhill*, 858 F.3d 858, 861 (4th Cir. 2017). If the claimant is successful at each of the first four steps, the burden shifts to the Commissioner at step five. *Id*.

At the first step, the ALJ must determine whether the claimant has engaged in substantial gainful activity since his alleged disability onset date. 20 C.F.R. § 404.1520(b). At step two, the ALJ determines whether the claimant has an impairment or combination of impairments that meet the regulations' severity and duration requirements. *Id.* § 404.1520(c). At step three, the ALJ

considers whether the severe impairment meets the criteria of an impairment listed in Appendix 1 of 20 C.F.R. part 404, subpart P or is equal to a listed impairment. If so, the claimant is automatically eligible for benefits; if not, before moving on to step four, the ALJ assesses the claimant's residual functional capacity (RFC).[3] *Id.* § 404.1520(d), (e); *Lewis*, 858 F.3d at 861.

At step four, the ALJ determines whether, despite the severe impairment, the claimant retains the RFC to perform his past relevant work. 20 C.F.R. § 404.1520(e), (f). If the ALJ finds the claimant capable of performing his past relevant work, he is not disabled. *Id.* § 404.1520(f). If the requirements to perform the claimant's past relevant work exceed his RFC, then the ALJ goes on to the final step.

At step five, the burden of proof shifts to the Social Security Administration to show that the claimant can perform other jobs existing in significant numbers in the national economy, considering the claimant's age, education, work experience, and RFC. *Id.* § 404.1520(g); *Mascio*, 780 F.3d at 634–35. Typically, the Commissioner offers this evidence through the testimony of a vocational expert answering hypotheticals that incorporate the claimant's limitations. *Mascio*, 780 F.3d at 635. "If the Commissioner meets h[is] burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Id.*

## III. ADMINISTRATIVE FINDINGS

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Plaintiff was disabled from the alleged date of onset. R.pp. 17–28. The ALJ found, in pertinent part:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2027 (Exhibit 6D).

---

[3] The RFC is "the most the claimant can still do despite physical and mental limitations that affect [his] ability to work." *Mascio*, 780 F.3d at 635 (internal quotation marks and citations omitted).

> 2. The claimant has not engaged in substantial gainful activity since May 25, 2022, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: hemidiaphragm paralysis, chronic obstructive pulmonary disease, and obesity (20 CFR 404.1520(c)). . . .
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). . . .
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work in 2-hour increments over the course of an 8-hour workday as defined in 20 CFR 404.1567(a) except the claimant can never climb ladders, never climb ropes, never climb scaffolds, and/or never crawl. The claimant can occasionally climb ramps, occasionally climb stairs, occasionally balance, occasionally stoop, occasionally kneel, and occasionally crouch. The claimant can occasionally be exposed to extreme cold, extreme heat, humidity, pulmonary irritants (i.e., fumes, smoke odors, excessive dust, gases, poor ventilation, etc.), and hazards associated with unprotected dangerous machinery or unprotected heights. The claimant cannot perform work requiring a specific production rate pace (i.e., team-dependent assembly line work, etc.). . . .
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565). . . .
>
> 7. The claimant was . . . 44 years old, which is defined as a younger individual age 18-44, on May 25, 2022, the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563).
>
> 8. The claimant has at least a high school education (20 CFR 404.1564).
>
> 9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a). . . .
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from May 25, 2022, through the date of this decision (20 CFR 404.1520(g)).

R.pp. 19–28.

## IV. DISCUSSION

Plaintiff argues that remand is warranted based on the ALJ's improper consideration of Plaintiff's subjective complaints regarding his severe medical impairments. ECF No. 10 at 19–29. He emphasizes that the ALJ (1) failed to provide a basis for discounting Plaintiff's testimony, (2) selectively discussed medical evidence supporting his opinion, and (3) insufficiently evaluated medical opinions that supported a finding of disability. *Id.* Plaintiff also contends error because the ALJ made no findings regarding Plaintiff's absenteeism or time off task. *Id.* at 29–30. The Commissioner asserts that Plaintiff arguments misconstrue the ALJ's decision and ignore the limited nature of judicial review. ECF No. 11 at 6. For the reasons that follow, the undersigned recommends that the ALJ's decision be remanded for further administrative review.

### A. Evaluating Medical Opinions

One contention of error made by Plaintiff is that the ALJ's evaluation of relevant medical opinions was insufficient to allow for meaningful review of the ALJ's decision by this Court. ECF Nos. 10 at 28–29; 12 at 3–4.

Under the applicable social security regulations and social security rulings (SSRs)[4], when determining the persuasiveness of a medical opinion, an ALJ must consider the following factors: (1) supportability; (2) consistency; (3) a physician's relationship with the claimant; (4) a physician's specialization; and (5) other factors, like a physician's familiarity with the evidentiary record or their understanding of SSA's policies and evidentiary requirements. 20 C.F.R.

---

[4] SSRs are "interpretations by the Social Security Administration of the Social Security Act." *Pass v. Chater*, 65 F.3d 1200, 1204 n.3 (4th Cir. 1995). They do not carry the force of law but are binding on all components of the Social Security Administration, 20 C.F.R. § 402.160(b)(1), as well as on ALJs when they are adjudicating social security cases. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009).

§ 404.1520c(c)(1)–(5).[5] Of these factors, supportability and consistency are the most important. *Id.* § 404.1520c(a), (b)(2).

Supportability is the degree to which a provider supports their opinion with relevant, objective medical evidence and explanation. *See id.* § 404.1520c(c)(1). The supportability factor looks inward—directing an ALJ to examine: (1) the extent to which the objective medical evidence presented by the medical source supports that medical source's opinion; and (2) whether the medical source supports the opinion with explanation.[6] Conversely, the consistency factor looks outward—directing an ALJ to evaluate a medical source's opinion in comparison to other evidence in the record.[7] Put differently, the ALJ's analysis considers whether the medical source's opinion: (1) is supported by the source's own records and explanations; and (2) is consistent with the other evidence in the record. *See id.* § 404.1520c(c)(1)–(2).

An ALJ's reasons for finding the opinion of a medical source unpersuasive must be supported by substantial evidence. The Fourth Circuit has repeatedly stated that "[a]n ALJ has the

[5] Effective March 27, 2017, numerous SSRs regarding medical opinions were amended or superseded, making the new regulations applicable to claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017), *corrected by* 82 Fed. Reg. 15132-01, 2017 WL 1105368 (Mar. 27, 2017). Because Plaintiff's claim for benefits was filed after March 27, 2017, the ALJ was required to evaluate the application under 20 C.F.R. § 404.1520c.

[6] In evaluating the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1).

[7] As for the consistency factor, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). In other words, "consistency" denotes "the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01, 5853, 2017 WL 168819.

obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis*, 858 F.3d at 869 (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)); *see also Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 98 (4th Cir. 2020) (affirming assessment that ALJ erred in making several misstatements of material facts and selectively citing from the evidence of record). Moreover, an ALJ continues to have an obligation to "include a narrative discussion describing how the evidence supports each conclusion." *Monroe v. Colvin*, 826 F.3d 176, 190 (4th Cir. 2016) (quoting *Mascio*, 780 F.3d at 636); *see also Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P, 1996 WL 374184, at *7 (S.S.A. July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."). Similarly, remand may be appropriate when the courts are left to guess at how the ALJ arrived at the conclusions and meaningful review is frustrated. *Mascio*, 780 F.3d 636–37. The ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Monroe*, 826 F.3d at 189 (citation omitted).

**B. Plaintiff's Contention of Error with Respect to the ALJ's Review of Medical Opinions**

Plaintiff contends that "[t]he ALJ's threadbare review of Dr. Morgan's and Dr. Boscia's opinions is insufficient to comply with 20 C.F.R. § 404.1520c[.]" ECF No. 10 at 28. Specifically, Plaintiff argues that "[i]n articulating consistency, the ALJ failed to address any other record evidence, such as reports of severe, chronic diaphragm pain, chest tightness, fatigue, and prescriptions for pain management" that would have been consistent with these physicians'

medical opinions. *See id.* The Commissioner did not address this contention of error in responding to Plaintiff's brief.[8] *See generally* ECF No. 11.

Plaintiff's physicians, Dr. Todd Morgan and Dr. Joseph Boscia, opined on the impact of Plaintiff's impairments. R.pp. 573–78. Dr. Morgan opined that Plaintiff's impairments would preclude him from full-time work, even at a sedentary level, and that they would cause Plaintiff to be absent from work more than four times a month. R.pp. 573–75. Dr. Boscia opined that Plaintiff would require frequent rest periods, would generally be precluded from performing even basic work activities during the time in which he exhibits symptoms from his impairments, and would likely be absent about four times a month based on his impairments and their symptoms. R.pp. 576–78.

The ALJ's assessments of the opinions are largely identical. The ALJ stated:

As for the opinion of primary care provider <u>Todd Morgan, M.D.</u>, at Exhibit 16F,

[8] In noting the absence of the Commissioner's response to this argument, Plaintiff argues that the Commissioner has waived any argument in opposition. ECF No. 12 at 3. Many courts reviewing social security decisions have indeed found that the absence of a response to a plaintiff's argument constituted waiver. *See, e.g.*, *Kenner v. Berryhill*, 316 F. Supp. 3d 530, 538–39 (D.D.C. 2018) ("This court cannot countenance such a patent failure by Defendant to address the Plaintiff's arguments, or otherwise to demonstrate that the ALJ's decision was supported by substantial evidence and was rendered in accordance with the applicable law. This failure is rendered all the more egregious by Defendant's failure to reply to Plaintiff's observation that Defendant seemingly conceded Plaintiff's arguments. By virtue of these deficiencies, the court finds that Defendant has conceded these arguments." (internal citation omitted)); *Jenna R. v. Comm'r Soc. Sec. Admin.*, No. 6:24-CV-01221-AR, 2025 WL 1144751, at *4 (D. Or. Apr. 18, 2025) ("[T]he Commissioner's failure to respond to plaintiff's direct challenge to the ALJ's subjective symptom findings, medical opinion evidence, lay witness testimony, and vocational expert testimony, constitutes a waiver of those arguments for this judicial review. The court will not undertake an analysis of plaintiff's arguments and the ALJ's provided rationales where the Commissioner has failed to do so.").

Here, though Plaintiff argued that the ALJ failed to adequately explain his consideration of the two medical opinions, Plaintiff did not separately identify the argument as its own heading or independent basis for remand, instead including it as part of his argument that the ALJ did not properly evaluate Plaintiff's symptoms. *See* ECF No. 10 at 19, 28–29. Though Plaintiff's argument was clearly identified, the undersigned declines to remand Plaintiff's case on the basis of waiver alone. Instead, as set forth herein, the merits of the argument have been reviewed, confirming remand is warranted.

> the undersigned finds it partially persuasive as to the physical limitations. Dr. Morgan opined that the claimant would require frequent rest periods, need to take unscheduled breaks during an 8-hour workday, and his symptoms/restrictions would likely increase with physical activity (Exhibit 16F). Dr. Morgan opined that the claimant's symptoms/limitations present to such a degree that they would distract the claimant in job settings and elsewhere and impair his ability to perform daily activities and/or work (Exhibit 16F). Dr. Morgan opined that the claimant's impairments likely to produce mostly bad days, would preclude him from performing even basic work activities, and need a break from the workplace (Exhibit 16F). Dr. Morgan opined that the claimant would likely miss more than four days a month (Exhibit 16F). Dr. Morgan opined that the claimant is precluded from being able to walk and stand for 2 hours and sit for 6 hours in an 8-hour workday (Exhibit 16F). Dr. Morgan proposed vaguely worded limitations, which lessens the persuasiveness of this opinion (Exhibit 16F). However, this opinion is supported by Dr. Morgan's notes that the claimant's chronic obstructive pulmonary disease and paralysis of the diaphragm limits the claimant's ability to walk and lift (Exhibit 16F). In addition, this opinion is inconsistent with the claimant tending to have normal lung sounds, clear to auscultation bilaterally, no chest pain, no rales, no wheezing, no rhonchi, no shortness of breath, no cough, and no evidence of respiratory distress during exams (Exhibits 3F, 5F, and 6F).
>
> As for the opinion of primary care provider Joseph Boscia, M.D., at Exhibit 17F, the undersigned finds it partially persuasive as to the physical limitations. Dr. Boscia opined that the claimant would miss about four times a month (Exhibit 17F). Dr. Boscia opined that the claimant would need to take unscheduled breaks during an 8-hour workday and is precluded from being able to walk and stand for 2 hours and sit for 6 hours in an 8-hour workday (Exhibit 17F). Dr. Boscia opined that the claimant's impairments would preclude him from performing even basic work activities, need a break from the workplace, and would likely produce "good days" and "bad days" (Exhibit 17F). Dr. Boscia opined that the claimant's symptoms/limitations present to such a degree that they would distract the claimant in job settings and elsewhere and impair his ability to perform daily activities and/or work (Exhibit 17F). Dr. Boscia proposed vaguely worded limitations, which lessens the persuasiveness of this opinion (Exhibit 17F). However, this opinion is supported by Dr. Boscia's notes that the claimant has exertional dyspnea, paralysis of the diaphragm, and centrilobular emphysema (Exhibit 17F). In addition, this opinion is inconsistent with the claimant tending to have normal lung sounds, clear to auscultation bilaterally, no chest pain, no rales, no wheezing, no rhonchi, no shortness of breath, no cough, and no evidence of respiratory distress during exams (Exhibits 3F, 5F, and 6F).

R.pp. 25–26 (emphases added). In sum, the ALJ found both opinions partially persuasive with respect to Plaintiff's physical limitations but concluded that the opinions' persuasiveness was lessened due to the "vaguely worded limitations[,]" though he did not otherwise expand on which

limitations were vague.[9] R.pp. 25–26 (citing R.pp. 573–78).

1. Supportability

The ALJ's analysis suggests that he found that both opinions were supported, indicating that the physicians' opinions were each bolstered by their own notes supporting Plaintiff's impairments. R.pp. 25–26. The ALJ offered no basis on which the undersigned could conclude that he did not find these opinions were supported.

2. Consistency

In finding that the opinions of Plaintiff's physicians were inconsistent with the medical record, the ALJ relies on his summary of 164 pages of medical records. The ALJ suggests that these records show that Plaintiff "tend[ed] to have normal lung sounds, clear to auscultation bilaterally, no chest pain, no rales, no wheezing, no rhonchi, no shortness of breath, no cough, and no evidence of respiratory distress during exams." R.pp. 25–26 (citing R.pp. 336–444, 455–509).

Concerningly, however, as Plaintiff notes, the ALJ's summary of the medical records used to support his analysis of the consistency factor is not entirely accurate. Indeed, the ALJ repeats a nearly identical refrain multiple times in his decision that "while [Plaintiff] at times had decreased breath sounds on right side and was positive for cough, chest tightness, and shortness of breath, the claimant tended to have normal lung sounds, clear to auscultation bilaterally, no chest pain, no rales, no wheezing, no rhonchi, no shortness of breath, no cough, and no evidence of respiratory distress during exams (i.e., unlabored breathing, no crackles, etc.)." R.pp. 24–25 (citing R.pp. 336–444, 455–509); *see also* R.pp. 23, 25, 26 (same longitudinal assessment). But the cited records do

[9] Moreover, to the extent the ALJ was unable to render a determination based on incomplete or insufficient evidence, the ALJ could have sought clarification or requested additional information. *See* 20 C.F.R. § 404.1520b(b).

not entirely support this assessment; at least not without some resolution of the conflict presented within the treatment records themselves.

Within those same records cited by the ALJ to discredit Plaintiff's symptoms and the opinions of these physicians are examples of Plaintiff, in fact, exhibiting shortness of breath, chest pain, and other positive symptom expression. *See, e.g.*, R.p. 341 (Plaintiff presenting with pain and tightness in chest accompanied by shortness of breath); R.pp. 349–50 (Plaintiff positive for shortness of breath); R.p. 355 (Plaintiff positive for shortness of breath and chest pain and visit summary suggesting intermittent chest discomfort); R.p. 374 (shortness of breath); R.p. 463 (in assessment/plan record from Plaintiff's June 22, 2023, visit "paralysis of his diaphragm has made him now to the point where [he] is coughing up mucus so much he has to go to the hospital. . . . [P]atient has had daily productive cough lasting greater than 6 months."). The ALJ apparently credited those records in which Plaintiff exhibited normal lung sounds, without shortness of breath or other signs of respiratory distress, over other records in which Plaintiff demonstrated signs suggesting difficulty breathing due to his severe impairments, which would be consistent with the opinions the ALJ rejected.

Perhaps the ALJ found that Plaintiff's symptoms improved over time with the help of the treatments provided, specifically the percussion vest, as offered by the Commissioner. ECF No. 11 at 7–8. Indeed, elsewhere in the opinion, the ALJ addressed the occasional improvement exhibited in certain treatment records. *See* R.p. 23 (citing R.pp. 458–61 (note from September 2023 visit that "[Plaintiff] reports improved respiratory function since initiation of treatment, he states that percussion vest and trelegy are working appropriately to improve his SOB and coughing")). However, though the ALJ pointed to findings from Plaintiff's November 2024 records in support of his assessment, *see* R.p. 23 (citing R.pp. 569–72), he failed to address or

acknowledge that the same record—from the period after the treatments had been implemented—suggested that Plaintiff's symptoms were not well controlled. *See* R.pp. 569–72 ("Symptoms not well controlled"). Though the Commissioner strains to suggest that this notation of poor symptoms was mentioned, and purportedly resolved, by the ALJ, *see* ECF No. 11 at 8, the ALJ made no such finding or observation. *See* R.p. 23 ("Furthermore, in November 2024, treatment notes indicated that the claimant has an oxygen saturation level of 95%, which is within normal limits, with no recent exacerbations and prolonged expiratory phase and Trelegy added because the claimant cannot afford a nebulizer (Exhibit 15F).").

Thus, the ALJ's assessment of medical opinion evidence ignores, without explanation, the discrepancy in his repeated conclusion, nor is the inconsistency otherwise resolved elsewhere in the decision.[10] *See Angelena S. v. Kijakazi*, No. CV 1:22-1022-SVH, 2022 WL 17974702, at *15 (D.S.C. Dec. 28, 2022) ("The ALJ is not allowed to cherry-pick the record, referencing only the evidence that supports his conclusion as to the persuasiveness of the medical opinion and ignoring evidence to the contrary."). And though it is within the ALJ's discretion to make such a finding regarding the persuasiveness of a provider's opinion and to resolve any conflicts in the record, he is required to show his work in doing so. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 662 (4th Cir. 2017) ("Harmonizing conflicting evidence and bolstering inconclusive findings requires credibility determinations that we cannot make; these exercises fall outside our scope of review."). Otherwise, a reviewing court is unable to assess whether a decision is supported by substantial evidence. *See id.* at 663 ("[T]he dispute here arises from a problem that has become all

[10] Plaintiff makes the additional argument that the ALJ failed to consider Plaintiff's subjective symptomology and also relied on his longitudinal summary to discredit Plaintiff's account of his symptoms. *See* ECF No. 10 at 19–28. This contention of error should also be reviewed on remand. *See infra* Section IV.C.

too common among administrative decisions challenged in this court—a problem decision makers could avoid by following the admonition they have no doubt heard since their grade-school math classes: Show your work. The ALJ did not do so here, and this error rendered his decision unreviewable.”).

In light of the ALJ’s reliance on his own longitudinal analysis—which lacks a resolution between contradictory evidence—to discredit the medical opinions of Plaintiff’s physicians, the ALJ has failed to “build an accurate and logical bridge” from the evidence to his conclusions as to the consistency factor. *See* 20 C.F.R. § 404.1520c(b)(2) (“[W]e will *explain how we considered the supportability and consistency factors* for a medical source’s medical opinions or prior administrative medical findings in your determination or decision.” (emphasis added)); *Monroe*, 826 F.3d at 191 (noting the ALJ’s failure to include a narrative discussion describing how the evidence supports each conclusion precluded meaningful review where the ALJ gave conclusory analysis of medical opinions and did not adequately explain his reasoning); *see also Stephen R. v. O’Malley*, No. 21-2292, 2024 WL 3508155, at *4–5 (4th Cir. July 23, 2024) (finding ALJ provided insufficient basis to discredit medical reports where he relied on a conclusion unsupported by substantial evidence); *Robinson v. Saul*, No. CV 0:20-1860-RMG-PJG, 2021 WL 2300809, at *4–5 (D.S.C. May 25, 2021) (recommending case be remanded where the ALJ ignored treatment records supporting the medical provider’s opinion), *report and recommendation adopted*, No. CV 0:20-1860-RMG, 2021 WL 2291834 (D.S.C. June 4, 2021).

Moreover, the findings contained in those medical opinions—that Plaintiff would be distracted by the symptoms and limitations posed by his conditions and would likely miss at least four days per month—would necessarily limit Plaintiff’s ability to perform the jobs identified by the VE upon which the ALJ relied in making his disability determination. The VE testified that

there would be no jobs available if the claimant was absent from work three days or more per month. R.pp. 58–59. Additionally, the VE testified that there would be no gainful employment available to a claimant who was off task twenty-five percent or more of the workday in addition to regularly scheduled breaks. R.pp. 58–59. The ALJ's failure to adequately provide a narrative explanation for why he did not find these opinions consistent with the record evidence is therefore harmful when the limitations recommended therein would preclude employment.

Thus, because the ALJ did not adhere to the articulation requirements under the applicable regulations and failed to support his analysis with substantial evidence, remand is warranted. *See Brown*, 873 F.3d at 267 (noting, to warrant remand, a claimant must either show the ALJ has incorrectly applied a legal standard or show the ALJ's factual findings are not supported by substantial evidence). On remand, the ALJ should provide a narrative discussion that more thoroughly explains his persuasiveness evaluation of the medical opinions, explicitly addressing the supportability and consistency factors and resolving any conflicts within the evidence upon which the ALJ relies in any such evaluation.

**C. Remaining Allegations of Error**

Plaintiff also argues that the ALJ erroneously discredited his subjective complaints and failed to include any findings related to absenteeism or time off task. ECF No. 10 at 19–30. Because the undersigned has determined that the ALJ did not provide an adequate assessment of the persuasiveness of the medical opinion evidence, the undersigned declines to address these remaining claims of error. Upon remand, however, the ALJ should take such claims into consideration. With respect to any remaining claims of error, the ALJ will be able to reconsider and re-evaluate the evidence in toto as part of the reconsideration. *See Hancock v. Barnhart*, 206 F. Supp. 757, 763 n.3 (W.D. Va. 2002) (noting the ALJ's prior decision has no preclusive effect,

as it is vacated, and the new hearing is conducted de novo).

## V. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative review.

The parties are referred to the Notice Page attached hereto.

July 29, 2026
Charleston, South Carolina

Molly H. Cherry
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).