IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Kevin W. R.,[1]                              )    Civil Action No.: 9:25-7222-BHH
                                             )
                        Plaintiff,           )
                                             )
            v.                               )    **ORDER**
                                             )
Frank J. Bisignano,                          )
Commissioner of Social                       )
Security Administration,                     )
                                             )
                        Defendant.           )
_____

This matter is before the Court on Plaintiff's ("Plaintiff") complaint filed pursuant to

42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's final

decision, which denied Plaintiff's claims for disability insurance benefits.  The record

includes the report and recommendation ("Report") of a United States Magistrate Judge,

which was made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(a)

(D.S.C.).

In the Report, which was filed on July 29, 2026, the Magistrate Judge recommends

that the Court reverse the Commissioner's decision under sentence four of 42 U.S.C. §

405(g) and remand the case to the Commissioner for further consideration.  (ECF No. 14.)

No party has filed objections to the Report.

The Magistrate Judge makes only a recommendation to the Court.  The

recommendation has no presumptive weight, and the responsibility to make a final

_____

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants only by their first names and last initials.

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, no objections have been filed, and the Court has reviewed the record and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's analysis. Accordingly, the Court adopts and specifically incorporates the Report (ECF No. 14), and it is **ORDERED** that the decision of the Commissioner of Social Security is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative review as outlined in the Report.

**IT IS SO ORDERED**.

/s/Bruce H. Hendricks
United States District Judge

August 13, 2026
Charleston, South Carolina

2